UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN DZURENDA,
    *Plaintiff*,

v.

MIDDLETOWN POLICE DEPARTMENT,
    *Defendant*.

No. 3:20-cv-119 (JAM)

# ORDER TO SHOW CAUSE WHY COMPLAINT
# SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Sean Dzurenda has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Middletown Police Department. Because it appears that the complaint does not allege facts that give rise to plausible grounds for relief, the Court issues this order to show cause for Dzurenda to file a response by **March 6, 2020**.

## BACKGROUND

Dzurenda filed a *pro se* complaint in Connecticut state court alleging that the Middletown Police Department violated his Fourth Amendment rights and seeking relief under 42 U.S.C. § 1983. Doc. #1-1. On January 27, 2020, the Middletown Police Department filed a notice of removal to remove the complaint to federal court. Doc. #1.

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro*

*se* complaint may not survive dismissal if its factual allegations do not establish at least facially plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Dzurenda may respond or file an amended complaint that addresses these concerns.

The first concern is that the complaint filed by Dzurenda names a single defendant—the Middletown Police Department—who may not be subject to a lawsuit in federal court. It is well-established that a police department is not an independent legal entity that may be subject to suit in federal court for a violation of federal constitutional rights. *See, e.g.*, *Watrous v. Town of Preston*, 902 F. Supp. 2d 243, 255 (D. Conn. 2012); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). Instead, if a plaintiff believes that the local police have violated his or her federal constitutional rights, then a plaintiff may file a complaint under 42 U.S.C. § 1983 that names individual police officers as defendants and/or that names the municipality itself (as distinct from the municipality's police department) as a defendant.[1]

The second concern is that the complaint fails to allege specific facts to show what Dzurenda believes that any police officer did wrong to violate his constitutional rights. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement

---

[1] If a plaintiff wishes to name a police officer as a defendant but does not know the officer's name, then the complaint may name the officer as "John Doe" or "Jane Doe," subject to timely amendment to the complaint as soon as the plaintiff takes steps to learn the defendant officer's name before the statute of limitations runs. *See, e.g.*, *Hogan v Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). If a plaintiff seeks relief under 42 U.S.C. § 1983 against a municipality, the complaint must allege facts sufficient to show that a policy, custom, or practice of the municipality caused the violation of that plaintiff's constitutional rights by municipal employees or officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372-73 (2d Cir. 2018).

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct," *id.* at 8(d)(1). As the Second Circuit has explained, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). Still, Rule 8 "does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

The complaint in this action contains no factual allegations at all. It simply claims that there was a violation of Dzurenda's rights under the Fourth Amendment but does not describe any of the underlying facts to show how his constitutional rights were violated and by whom. It is not enough simply to attach a copy of a police report in the absence of any additional factual allegations.

## CONCLUSION

For the reasons stated above, it appears that the complaint as presently drafted is subject to dismissal because it names a defendant who is not subject to suit and because it lacks specific factual allegations. If Dzurenda believes the Court is mistaken, then he may file a response to this order to show cause by **March 6, 2020**. Alternatively (and preferably), Dzurenda may file an amended complaint by **March 6, 2020**, that names defendants who may properly be subject to suit and that includes specific factual allegations showing plausible grounds for relief against each defendant named. Defendant's motion for a more definite statement (Doc. #11) is DENIED as moot in light of this ruling.

3

It is so ordered.

Dated at New Haven this 24th day of February 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge