UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN DZURENDA                                                         NO.: 3:20-CV-00119-JAM
    Plaintiff

    v.

MIDDLETOWN,CT
Police officers;
Sergeant Dirga
Officer Van Almkerk
Officer Matthew Nettis
Officer Andrew Brooks                                                 05-14-2020
    Defendants

## **AMENDED COMPLAINT**

I, Sean Dzurenda, Plaintiff, respectfully request to submit this amended complaint.

    On March 16, 2019, Plaintiff was seated inside of his legally parked vehicle in an apartment neighborhood parking lot on Highlands Crescent, Middletown, CT.  Police officers, Sergeant Dirga, Van Almkerk, Matthew Nettis, and Andrew Brooks, of the Middletown, CT, Police Department, were involved in the detainment of the Plaintiff on this day. On May 11, 2020, Plaintiff submitted video/audio documentation of the incident to the court and Defendants' representation.

    Plaintiff served Defendants/ Defendants' representation through the accepted State of Connecticut claims process by providing notice of service to the Middletown Police Department and court. Defendants' representation subsequently petitioned for and moved the case to Federal court. When offered, the Plaintiff amended his complaint and named each individual Defendant involved with his claims. The amended complaint was provided to the

court and Defendants' representation which Plaintiff argues establishes jurisdiction of the individual Defendants within the court.

**PLAINTIFF ARGUES PROBABLE CAUSE DID NOT EXIST**

Plaintiff contends that in order for probable cause to have existed for him to be detained and searched, a past, present or possible future crime must have existed for police to investigate; Plaintiff argues that alleged non-moving violations on a parked vehicle can not establish probable cause because such infractions are not crimes; therefore, no crimes existed for Defendants to investigate. According to General Statues Chapter 881b:

> *"An infraction is a breach of a state law, regulation or local ordinance so designated by the Legislature, for which an appearance in court is usually not required and payment of the amount due by mail or in person is authorized pursuant to C.G.S. § 51-164n.* **An infraction is neither a crime nor an offense as defined in the penal code.**"
>
> *https://www.jud.ct.gov/webforms/forms/infractions.pdf*

Plaintiff is fully aware that if he was operating a vehicle on a public roadway, justification would exist for police to stop, detain and possibly search him and his vehicle if such alleged violations existed; however, because Plaintiff's vehicle was parked and not operating on a public roadway, no traffic violations existed for the Defendants to investigate. Furthermore, Defendants stated they could not see inside Plaintiff's vehicle; *"As we approached the vehicle, we observed that it had extremely dark tints and that the occupants of the vehicle could not be seen from outside."* The Plaintiff wonders why, if his presence inside his vehicle was not even known to the Defendants and because his vehicle resembled any other ordinary and legally parked vehicle in a parking lot, why Defendants would insist to even investigate it.

From this admission, the Plaintiff believes he should be allowed to sit in his non-operable vehicle, among many other non-operable vehicles in a parking lot, without fear of government investigation, detainment and search of his persons and property.

**PERSONAL INVOLVEMENT OF DEFENDANTS**

Defendants' involvement is confirmed on Plaintiff's dash camera video and on the police report.

**PLAINTIFF ARGUES QUALIFIED IMMUNITY DOES NOT APPLY**

Plaintiff contends that Defendants are not immune from suit because Defendants violated clearly established and widely recognized rights; the right of the people to be "*secure in his persons, houses, papers, and effects, against unreasonable searches and seizures,*" as guaranteed by the Fourth Amendment. Plaintiff's dash camera recording clearly depicts Plaintiff denying permission for any search, yet the voice of an officer can be heard inside of the Plaintiff's vehicle as that officer and/or officers are searching/rummaging through Plaintiff's vehicle as Plaintiff is handcuffed outside.

**VIDEO HIGHLIGHTS**

5 seconds:    Officer tells Plaintiff - "We're Investigating why you're parked out here."

7 seconds:    Plaintiff - "Because it's not against the law."

9 seconds:    Officer tells Plaintiff - "No, it's not against the law."

20 seconds:   Plaintiff - "alright I'll give you my ID"

                   Police report states Plaintiff did not have ID.

2 minutes 24 seconds:    Plaintiff - "you have no permission to be in my car"

                   Plaintiff's car is being searched.

2 minutes 44 seconds:    Plaintiff's car searched as he's handcuffed outside vehicle.

3 minutes:       Officer - "is your ID in your bag?

                   Plaintiff - "yes, but you have no permission to search my bag"

                   Plaintiff's vehicle/bag searched.

5 minutes 10 seconds:       Officer - "what is this?"

                   Plaintiff states that's his ID.

                   Police report states Plaintiff had no ID.

14 minutes 12 seconds:       Plaintiff's vehicle searched as he's handcuffed outside vehicle.

21 minutes 48 seconds:       Plaintiff re-enters his vehicle and closes driver's window.

## CONCLUSION

       Plaintiff argues that given the facts of the case, relief should be granted to him as no probable cause existed for Defendants to have detained and searched Plaintiff; and, Defendants, without consent or legal justification, went into and searched Plaintiff's vehicle and his backpack, which was removed from Plaintiff's vehicle. Such actions against Plaintiff are in direct conflict with Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures as any reasonably trained police officer should understand these basic constitutional rights.

SEAN DZURENDA,
PLAINTIFF


By Sean Dzurenda
rockville04@aol.com


**CERTIFICATION**

    I hereby certify that a copy of the forgoing document was filed electronically to all parties, Beatrice S. Jordan, Lori L. Shelto and Thomas R. Gerarde, by electronic means through the Court's electronic filing system.

Thomas R. Gerarde
Beatrice S. Jordan
Lori L. Shelto
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1121
Ph: (860) 249-1361
Fax: (860) 249-7665
Email: tgerarde@hl-law.com
Email: bjordon@hl-law.com
Email: Lorelei@HL-Law.com

                                                      /s/ Sean Dzurenda
                                                      Sean Dzurenda